UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shirley A. Scott,

    Plaintiff,

                                    Case No.: 2:12-cv-14048

v.

                                    Honorable Sean F. Cox

City of Detroit, *et. al*.                United States District Court Judge

    Defendants.

_____/

**ORDER
CONSTRUING DOCKET ENTRY NO. 15 AS AN AMENDED COMPLAINT;
GRANTING THE PLAINTIFF'S MOTION TO STRIKE [DOCKET NO. 14]; DENYING
THE DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE [DOCKET NO.
13]; AND DENYING THE DEFENDANT'S MOTION FOR JUDGMENT ON THE
PLEADING OR IN THE ALTERNATIVE FOR A MORE DEFINITIVE STATEMENT
IN LIEU OF ANSWER TO COMPLAINT WITHOUT PREJUDICE [DOCKET NO. 7]**

On September 12, 2012, pro se Plaintiff Shirley Scott ("Scott") filed this action against the City of Detroit, Mayor Dave Bing, Marja Winters and Valeria Miller ("the Defendants"). (Docket No. 1.) In her three count Complaint, Scott alleges (1) Discrimination, (2) Job Interference, and (3) Intentional Infliction of Emotional Distress. (*Id.* at 20–24.) The factual basis of her claims is unclear because Scott does not articulate her facts in a coherent manner in her Complaint.

Based on this Court's understanding of the facts presented by Scott, it appears that she is an employee or was an employee with the City of Detroit for 27 years. It is unclear what her position is or was with the City, though her Complaint does seem to suggest that a position that she sought a promotion for may have been "contracted out" to a private firm. (*Id.* at 11, ¶ 19.) Scott does state

that she was "transferred to the Neighborhood Services Division of Planning." (*Id.* at 13, ¶ 23.) Again, it is unclear whether her current position is with that division.

In her Complaint, Scott seems to contend that the City failed to promote her, on several occasions, based on her age and race. It is unclear what promotion(s) she sought or is currently seeking.

Scott contends that she filed an age discrimination complaint with the Equal Employment Opportunity Commission (listed in her response as Case No. 471-2009-02823). (*Id.* at 5, ¶ 11.) She asserts that "the EEOC case was dismissed because Defendant Miller and Ms. Gering were 40+ years of age." (*Id.* at 6, ¶ 11.) The Plaintiff does not provide any details about that action. She does not list the defendants in that action nor does she provide the dates when that action was filed and dismissed.

On November 29, 2011, Scott filed another discrimination charge with the EEOC (listed in her response as Case No. 471-2012-00507C) on the basis that she was not given an opportunity to transfer to the Compliance Office. (*Id.* at 10, ¶ 19.) The Plaintiff does not state whether she alleged discrimination in that action. Scott contends that the second EEOC action was dismissed in March 2012, "because it was determined that Plaintiff was not denied an opportunity to apply for the position; Plaintiff would have had to quit her civil service position to apply." (*Id.*)

It is unclear whether there are any other EEOC actions pending.

Scott also alleges, throughout her Complaint, that she filed lawsuit(s) in unspecified courts regarding the City's alleged non-compliance with various statutes. Again, it is unclear exactly what legal actions Scott is describing in her Complaint and how those actions relate to this action.

Throughout her Complaint, Scott does not provide any frame of reference. Instead, her

Complaint reads like a list of grievances with the City and her supervisors, alleging various "wrongs" that she contends have occurred over the course of her 27 years of employment.

On October 1, 2012, the Defendants filed "Defendants' Motion for Judgment on the Pleading or in the Alternative for a More Definitive Statement in Lieu of Answer to Complaint. (Docket No. 7.)

On October 2, 2012, this Court ordered Scott to show cause why this case should not be dismissed for lack of subject matter jurisdiction because the Complaint did not allege complete diversity and did not contain any federal questions. (Docket No. 8.) Scott had until October 16, 2012, to respond to that Order. (*Id.*)

On October 11, 2012, Scott filed Plaintiff's Motion to Adjourn Order to Show Cause Dated October 16, 2012. (Docket No. 9.) In that motion, Scott "requests that this Honorable Court adjourn the Order to Show Cause dated October 16, 2012, to allow Plainitff time to establish the judicial foundational precedence of this Honorable Court." (*Id.* at 1–2.)

Scott responded to the Show Cause Order on October 15, 2012, contending that this Court has federal question jurisdiction pursuant to 24 C.F.R. §§ 135–146. (Docket No. 11.)

A day after Scott responded to the Show Cause Order, this Court granted her Motion to Adjourn Order to Show Cause dated October 16, 2012, extending the deadline for the Plaintiff to file her response to the Show Cause Order to November 2, 2012. (Docket No. 12.)

On October 23, 2012, in response to the October 15th response to the Show Cause Order, the Defendants filed their Motion to Dismiss, contending that Scott's references to 24 C.F.R. §§ 135–146 do not confer a private cause of action upon which relief can be granted. (Docket No. 13.)

On November 1, 2012, Scott filed "Plaintiff's [Second] Answer to Order to Show Cause,"

which essentially is an Amended Complaint that asserts four claims: (1) Age Discrimination, (2) Race Discrimination in violation of Title VII of the Civil Rights Act, (3) Sex Discrimination in violation of the Equal Pay Act, and (4) Retaliation in violation of Title VII. (Docket No. 15.) The Answer to Show Cause provides a more coherent statement of the factual basis for Scott's claims than what was presented in her Complaint. It states as follows:

> 3. Plaintiff is an African American Woman.
> 4. Throughout the course of Plaintiff's employment with Defendant City, Plaintiff was treated differently from other employees with respect to the terms, conditions, and benefits of employment.
> 5. Plaintiff was transferred to the Labor Standards (LS) Unit of the Financial and Resources Management (FRM) Division of Planning and Development in September 2007.
> 6. A special conference was held requesting out-of-class pay for Plaintiff with APTE Union Representatives, former supervisors of LS, and Defendant Miller in February 2008. In the meeting Defendant Miller stated that Plaintiff was 'old enough to be her mother." Plaintiff was denied out-of-class pay.
> 7. When Plaintiff again requested out-of-class pay and staff in 2009 and was denied the same by Defendant Miller, Plaintiff filed an age discrimination suit with the EEOC July 8, 2009. The suit was dismissed because Defendant Miller and Lisa Gering were also members of a protected class.
> 8. In October 2009 Plaintiff presented the executive staff of Planning with a Section 3 Guidebook, and Plaintiff was transferred to another unit by Defendants Miller and Winters.
> 9. Plaintiff filed a retaliation suit with the EEOC, but the suit was wrongfully dismissed with the age discrimination suit, and Plainitff could not find an attorney to represent her.
> 10. Following the Plaintiff's complaints, Defendant Miller and Defendant Winters' discriminatory practices escalated.
> 11. In April 2011 Plaintiff filed a complaint with HUD with regard to Defendants City and Mayor Bing's non-compliance with Section 3.
> 12. In July 2011, Defendant Mayor Bing, created a Section 3 Compliance Office. The Section 3 Compliance Officer position was posted, but the Program Manager's position was not posted. Elizabeth Johnson was contracted as the Compliance Officer and Felicia Andrews was contracted as the Program Manager of the Section 3 Compliance Office with no prior experience, and Plaintiff was not given an opportunity to advance even in the lower tier position because the positions were made contractual.
> 13. On November 29, 2011, Plaintiff filed another discrimination charge with the EEOC.
> 14. The discrimination charge was dismissed because it was determined that Plaintiff

> was not denied an opportunity for a promotion as the compliance officer, Plaintiff would have had to resign from her civil servant position in order to apply for the posted position.

(Docket No. 15, at 2–3, §§ 3–14.)

On that same day, Scott filed "Plaintiff's Motion to Strike Order to Show Cause Entered on October 15, 2012," contending that she mistakenly based her discrimination claims on 24 C.F.R. §§ 135–146. (Docket No. 14, at 1–2.) She contended "[t]he federal statute is not applicable in Plaintiff's case because Plaintiff has not been discriminated or retaliated against as a private citizen." (*Id.* at 2, § 2.) In that document, Scott requested that this Court strike Plaintiff's Answer entered on October 15, 2012, and accept Plaintiff's Answer to Order to Show Cause dated November 1, 2012. (*Id.* at 3.)

On November 29, 2012, this Court entered an Order to Show Cause, in writing, no later than December 13, 2013, why the unopposed pending Motion to Dismiss filed by the Defendants should not be granted. (Docket No. 18.) Scott has not responded to that order.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs.

**IT IS ORDERED** that the Court hereby construes "Plaintiff's [Second] Answer to Order to Show Cause" [Docket No. 15] as Scott's amended complaint;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike the October 15th Answer [Docket No. 14] is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Docket No. 13] is

5

**DENIED WITHOUT PREJUDICE** because that motion addresses Scott's first response to the Show Cause Order, which was filed before the "Plaintiff's [Second] Answer to Order to Show Cause" [Docket No. 15], which this Court construes as an amended complaint;

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleading or in the Alternative for a More Definitive Statement in Lieu of Answer to Complaint [Docket No. 7] is **DENIED WITHOUT PREJUDICE** because that motion does not address the "Plaintiff's [Second] Answer to Order to Show Cause" [Docket No. 15], which this Court construes as an amended complaint.

**IT IS SO ORDERED**.


Dated:  February 20, 2013              S/ Sean F. Cox
                                       Sean F. Cox
                                       U. S. District Court Judge


I hereby certify that on February 20, 2013, the foregoing document was served upon counsel of record by electronic means and upon Shirley A. Scott by First Class Mail at the address below:

Shirley A Scott
65 Cadillac Square
Suite 1200
Detroit, MI 48226

Dated:  February 20, 2013              S/ J. McCoy
                                       Case Manager